**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **MARK MARSHALL and MARCELLA DICKINSON**, as surviving parents of Joshua Marshall, deceased, and **MARK MARSHALL**, as Administrator of the Estate of Joshua Marshall, deceased,<br><br>       **Plaintiffs**,<br><br>**vs.**<br><br>**MONROE COUNTY, GEORGIA; BRAD FREEMAN**, individually and in his official capacity as Sheriff of Monroe County, Georgia; **TIMOTHY KENDRICK**, individually and in his official capacity as a Monroe County Deputy Sheriff; **RUSTIN HARDESTY**, individually and in his official capacity as a Monroe County Deputy Sheriff; **TOREY EVANS**, individually and in his official capacity as a current or former Detention Officer with the Monroe County Sheriff's Office; **VANTRELL GRAYER**, individually and in his official capacity as a current or former Detention Officer with the Monroe County Sheriff's Office; and John Does 1-3,<br><br>       **Defendants**. | **CIVIL ACTION NO. 5:22-cv-00029-MTT**<br><br><br><br><br>**JURY TRIAL DEMANDED** |

---

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

COME NOW PLAINTIFFS MARK MARSHALL and MARCELLA DICKINSON, as surviving parents of Joshua Marshall, deceased (sometimes hereinafter "Josh"), and MARK MARSHALL, as Administrator of the Estate of Joshua Marshall, deceased (hereinafter collectively referred to as "Plaintiffs"), and file their First Amended Complaint

1

against Defendants Monroe County, Georgia, Brad Freeman, individually and in his official capacity as Sheriff of Monroe County, Georgia, Timothy Kendrick, individually and in his official capacity as a Monroe County Deputy Sheriff, Rustin Hardesty, individually and in his official capacity as a Monroe County Deputy Sheriff, Torey Evans, individually and in his official capacity as a current or former Detention Officer with the Monroe County Sheriff's Office, and Vantrell Grayer, individually and in his official capacity as a current or former Detention Officer with the Monroe County Sheriff's Office, and John Does 1-3 (collectively referred to as "Defendants"), to recover damages for the violation of his Constitutional and state rights, showing this Court as follows.

## <u>NATURE OF CASE</u>

This action arises from the wrongful death of Josh Marshall caused by the unreasonable acts, omissions, and deliberate indifference of Defendants, while Josh was in custody at the Monroe County Detention Center. Josh Marshall was a 40-year-old man with schizophrenia. On January 15, 2020, Josh suffered a schizophrenic episode in which he became violent and delusional.  His father, Plaintiff Mark Marshall, requested that Monroe County Sheriff's Office deputies, specifically Defendant Timothy Kendrick, transport Josh to a medical facility so that Josh could receive the necessary medical treatment and evaluation to alleviate his schizophrenic symptoms.  Instead, Defendant Kendrick transported Josh to the Monroe County Detention Center that night where he was booked by Defendant Rustin Hardesty.  In violation of the Monroe County Sheriff's Office's policies and procedures, Josh never received any medical treatment or evaluation this night although Defendants were aware that Josh was schizophrenic, and Josh continued to exhibit concerning schizophrenic symptoms.  Defendants Hardesty,

Torey Evans, and Vantrell Grayer let Josh out of his holding cell, uncuffed, as Josh continued to exhibit concerning schizophrenic symptoms.  Defendants Hardesty, Evans, and Grayer attempted to physically restrain Josh, during which Defendant Hardesty placed Josh in an unauthorized, illegal, and lengthy chokehold. After Defendant Hardesty released Josh from the chokehold, Josh was lifeless, limp, and began turning blue. Despite this, Defendants Hardesty, Evans, and Grayer failed to provide Josh with any immediate life-saving medical treatment, specifically failing to immediately administer cardiopulmonary resuscitation or use a defibrillator.  Josh tragically died as a result of the unreasonable acts, omissions, and deliberate indifference of Defendants as further stated herein.

## A.  JURISDICTION & VENUE

1.

This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 because this action arises under 42 U.S.C. § 1983 and alleges violations of rights guaranteed to Josh Marshall by virtue of the Eighth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction of Plaintiffs' related state law claims, including but not limited to violations of rights guaranteed by the Constitution of the State of Georgia, by virtue of 28 U.S.C. § 1367.

2.

Venue is proper in the Middle District of Georgia, Macon Division, as all acts and omissions complained of occurred in Monroe County, Georgia, and one or more Defendants reside in this District.

3.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

## B. PARTIES

4.

Plaintiff Mark Marshall is a resident of Georgia and the father of Josh Marshall, who never married, had no children, and suffered and ultimately died as a result of unreasonable acts, omissions, and deliberate indifference of the named Defendants while an inmate at the Monroe County Detention Center.

5.

Plaintiff Marcella Dickinson is a resident of Georgia and the mother of Josh Marshall, who never married, had no children, and suffered and ultimately died as a result of unreasonable acts, omissions, and deliberate indifference of the named Defendants while an inmate at the Monroe County Detention Center.

6.

Plaintiff Mark Marshall in his representative capacity as Administrator of the Estate of Josh Marshall, deceased, brings claims on behalf of said estate for medical, funeral, and other necessary expenses, as well as for Josh Marshall's conscious pain and suffering.

7.

Defendant Monroe County, Georgia ("Defendant Monroe County") is a political subdivision of the State of Georgia and is charged with the responsibility of operating the Monroe County Detention Center.

8.

Defendant Brad Freeman is the Sheriff of Monroe County, Georgia ("Defendant Sheriff Freeman"), having served as Sheriff at all relevant times through the present date, and was and is charged with the responsibility of operating the Monroe County Detention Center and supervising its officers, employees and agents. Sheriff Freeman was and is responsible for and is the final policymaker for the supervision, administration, policies, practices, customs, and operations of the Monroe County Sheriff's Office and the Monroe County Detention Center at all pertinent times. Sheriff Freeman is sued in his individual capacity and his official capacity.

9.

At all times relevant herein, Timothy Kendrick ("Defendant Kendrick") was a deputy sheriff, employee, and/or agent of Defendant Monroe County and/or Defendant Freeman. Defendant Kendrick is a resident of Monroe County, Georgia. Defendant Kendrick is sued in his individual capacity and his official capacity.

10.

At all times relevant herein, Defendant Rustin Hardesty ("Defendant Hardesty") was a deputy sheriff, employee, and/or agent of Defendant Monroe County and/or Defendant Freeman. Defendant Hardesty is a resident of Monroe County, Georgia. Defendant Hardesty is sued in his individual capacity and his official capacity.

11.

At all times relevant herein, Torey Evans ("Defendant Evans") was a jailer/detention officer, employee, and/or agent of Defendant Monroe County and/or Defendant Freeman. Defendant Evans is a resident of Bibb County, Georgia.  Defendant Evans is sued in his individual and his official capacity.

12.

At all times relevant herein, Vantrell Grayer (hereinafter referred to as "Defendant Grayer") was a jailer/detention officer, employee, and/or agent of Defendant Monroe County and/or Defendant Freeman. Defendant Grayer is a resident of Bibb County, Georgia. Defendant Grayer is sued in his individual and his official capacity.

13.

Defendant Deputy John Doe 1 was at all relevant times an employee and/or agent of Defendant Monroe County and/or Defendant Freeman. John Doe 1 is sued in his individual capacity and his official capacity.

14.

 Defendant Deputy John Doe 2 was at all relevant times an employee and/or agent of Defendant Monroe County and/or Defendant Freeman. John Doe 2 is sued in his individual capacity and his official capacity.

15.

 Defendant Deputy John Doe 3 was at all relevant times an employee and/or agent of Defendant Monroe County and/or Defendant Freeman. John Doe 3 is sued in his individual capacity and his official capacity.

16.

Notice as required by O.C.G.A. § 36-11-1 *et. seq.* was given to Defendants and is attached hereto as **Exhibit A**.

17.

Defendants are subject to the venue and jurisdiction of this Court.

## C. FACTUAL ALLEGATIONS

18.

On January 15, 2020, Defendant Kendrick and Deputy Larry Sullivan responded to a 911 call made by Mark Marshall.  When Defendant Kendrick and Deputy Sullivan arrived at Mark Marshall's home, Mark Marshall informed them that his son Josh Marshall, who was schizophrenic, had become episodic and violent.

19.

Mark Marshall requested that Defendant Kendrick and Deputy Sullivan transport Josh to River Edge Behavioral Health where Josh had been treated for several years or another medical facility so that Josh could obtain the proper medication to alleviate his schizophrenic symptoms.  Mark Marshall also gave Defendant Kendrick Josh's medications.

20.

Defendant Kendrick contacted River Edge Behavioral Health and was notified that River Edge was unable to accept Josh as a patient.

21.

In violation of the Monroe County Sheriff's Office's policies, Defendant Kendrick did not seek other medical treatment or evaluation for Josh and instead, transported him to the Monroe County Detention Center to be booked although Josh was still episodic and had not received proper medical treatment or a medical evaluation.

22.

Upon arriving at the Monroe County Detention Center, Defendant Kendrick informed Defendant Hardesty, who was working as the shift supervisor at the Monroe County Detention Center, that Josh was schizophrenic and had been exhibiting violent and schizophrenic symptoms.

23.

In violation of the Monroe County Sheriff's policies, Deputy Hardesty admitted Josh to the Monroe County Detention Center although Josh had still not been medically cleared, had not received any medical evaluation or treatment, and was still exhibiting schizophrenic symptoms.

24.

Defendants Evans and Grayer, as well as Deputy Shania Hawkins, were also on duty at the Monroe County Detention Center on the night of January 15, 2020 when Josh arrived.

25.

During the booking process, Josh informed Deputy Hardesty that he was schizophrenic.

26.

During the booking process, Josh was detained in a holding cell. While confined in the holding cell, Josh continued to exhibit concerning schizophrenic symptoms, including but not limited to slapping and punching himself.

27.

Deputy Hawkins, who was observing Josh via video surveillance in his holding cell, informed Defendant Hardesty that Josh was exhibiting violent behavior.

28.

Despite Monroe County Sheriff's Office's policies concerning mental health inmates, Josh was never evaluated by a nurse or doctor concerning his schizophrenia and lack of medication while he was detained at the Monroe County Detention Center.

29.

Between 10 p.m. and 11 p.m., Defendant Hardesty released Josh from his holding cell and did not handcuff Josh. At this time, Josh was exhibiting severe schizophrenic symptoms and delusions.

30.

Defendants Hardesty, Evans, and Grayer attempted to verbally persuade Josh to go back into his cell.

31.

When Josh refused to go back into his cell, Defendants Hardesty, Evans, and Grayer physically restrained Josh by surrounding Josh and simultaneously lunging at Josh in a threatening manner resulting in a physical altercation.

32.

During the physical altercation, Defendant Hardesty placed Josh in an illegal, unauthorized, and lengthy chokehold for approximately 1 minute and 30 seconds. While Defendant Hardesty was performing the chokehold on Josh, Defendants Evans and Grayer forced Josh to the ground.

33.

According to Monroe County Sheriff's Office's policies, "[u]se of neck restraints or similar weaponless control techniques with a potential for serious injury are prohibited (i.e., chokeholds)."

34.

Once Defendants Hardesty, Evans, and Grayer forced Josh to the ground, Defendant Hardesty continued to hold Josh in a chokehold and eventually released the chokehold as Defendants Evans and Grayer placed handcuffs on Josh.   By this time, Josh appeared lifeless and limp, and his skin began to turn blue due to oxygen deprivation.

35.

Upon realizing that Josh was no longer responsive, Defendants Hardesty, Evans, and Grayer began to panic; they checked for Josh's pulse and repeatedly splashed water on his face. During this time, Defendants Hardesty, Evans, and Grayer failed to immediately render cardiopulmonary resuscitation or other life-saving medical aid to Josh, and Josh continued to appear lifeless, limp, and turning bluer.

36.

After nearly six minutes of Josh being nonresponsive, Defendant Hardesty finally began performing chest compressions on Josh.

37.

Defendants Hardesty, Evans, and Grayer never attempted to revive Josh using a defibrillator.

38.

EMS arrived thereafter and transported Josh to Monroe County Hospital where Josh was pronounced dead.

39.

An autopsy revealed that Josh's death was caused by "physical altercation with neck compression and prone position restraint."

40.

The Monroe County Sheriff's Office, Defendant Sheriff Freeman, and Defendant Monroe County have a persistent and widespread practice of:

a. failing to properly train and supervise deputies and detention officers as to the handling, treatment, and needs of mentally ill inmates and persons, and the use of chokeholds;

b. allowing deputies and detention officers to violate Monroe County Sheriff's Office's own policies and procedures; and

c. failing to enforce policies, failing to properly train deputies and detention officers, and failing to properly discipline the same, thus creating a culture

within the Monroe County Sheriff's Office wherein violating citizens' civil rights is tolerated.

41.

Defendant Sheriff Freeman, individually and in his official capacity, and Defendant Monroe County have been aware of the widespread pattern and practice of past and present police misconduct regarding the handling, treatment, and needs of mentally ill inmates and persons, and the use of chokeholds.

42.

Defendant Sheriff Freeman, individually and in his official capacity, and Defendant Monroe County have persistently failed to take adequate disciplinary action against their officers, such that they have ratified the widespread unconstitutional custom of their police officers' mistreatment of mentally ill inmates and persons and use of excessive force.

43.

Defendant Sheriff Freeman's and Defendant Monroe County's persistent and widespread failure to take adequate disciplinary action against their deputies' and detention officers' routine use of excessive force and mistreatment of mentally ill inmates and persons, properly supervise and train their deputies and officers, or enforce written policies resulted in the violation of Josh Marshall's constitutional rights and proximately caused his death and significant pre-death pain and suffering.

44.

The acts and omissions of Defendants in violating Plaintiff's basic rights guaranteed by the United State Constitution and the Constitution of the State of Georgia were the proximate cause of the death, pain, and suffering suffered by Josh Marshall.

12

45.

Defendants acted under color of law.

46.

Defendants are joint and severely liable for Plaintiff's injuries and damages.

### D. <u>CAUSES OF ACTION</u>

### <u>COUNT ONE</u>
### <u>42 U.S.C. § 1983</u>
### <u>DELIBERATE INDIFFERENCE FOR THE LIFE OF JOSH MARSHALL</u>

47.

Plaintiffs reallege and incorporate the foregoing paragraphs as if they were restated herein.

48.

Defendants Kendrick, Hardesty, Evans, and Grayer knew that Josh had a serious medical need, particularly that Josh was in fact, schizophrenic and having a schizophrenic episode on January 15, 2020, and that there was a serious risk of harm in that Josh would become more violent, episodic, and mentally unstable and required immediate medical attention, evaluation, and medication.

49.

Defendants Kendrick, Hardesty, Evans, and Grayer failed to provide or otherwise get necessary medical care for Josh's serious medical need that posed a risk of serious harm by failing to bring Josh to a medical facility or otherwise have Josh evaluated by a medical professional prior the booking of Josh at Monroe County Detention Center and while detained at Monroe County Detention Center.

50.

Defendants Kendrick, Hardesty, Evans, and Grayer violated Monroe County Sheriff's Office policies by intentionally failing to have Josh evaluated and treated by a medical professional prior to the booking and while he was detained at Monroe County Detention Center, and such failure constitutes deliberate indifference to the life of Josh.

51.

Defendants' intentional failure to medically clear Josh before admitting Josh as an inmate at the Monroe County Detention Center on the evening of January 15, 2020 was a material and fatal cause of Josh's death.

52.

Defendants Kendrick, Hardesty, Evans, and Grayer acted under color of law.

53.

Given their deliberate indifference to Josh's life, Defendants Kendrick, Hardesty, Evans, and Grayer are liable for (a) Josh's pain, suffering, and mental anguish immediately prior to his death, and (b) the full value of Josh's life.

## COUNT TWO
## 42 U.S.C. § 1983
## EXCESSIVE FORCE RESULTING IN DEATH OF JOSH MARSHALL

54.

Plaintiffs reallege and incorporate the foregoing paragraphs as if they were restated herein.

55.

Josh had a clearly established constitutional right to be free from the use of excessive force.

56.

Defendant Hardesty intentionally committed acts that violated Josh's constitutional right not to be subjected to excessive or unreasonable force while being held in custody as a pretrial detainee, namely by having performed a lengthy chokehold, an illegal and unauthorized maneuver, on Josh.

57.

Defendant Hardesty violated Monroe County Sheriff's Office's policies by intentionally performing such a chokehold on Josh, resulting in Josh's death.

58.

Defendant Hardesty's use of force was excessive, objectively unreasonable, unjustified, and violated Josh's constitutional rights secured under the 14th Amendment of the United States Constitution. U.S. Const. amend. XIV, § 1. Defendant Hardesty acted under color of law.

59.

Given his excessive force upon Josh and Josh's death as a direct result thereof, Deputy Hardesty is liable for (a) Josh's pain, suffering, and mental anguish immediately prior to his death, and (b) the full value of Josh's life.

60.

Defendant Hardesty's use of a chokehold on Josh was willful misconduct, malice, wantonness, and oppression with a specific intent to cause harm; accordingly, Plaintiffs demand punitive damages in an amount to be determined in the enlightened conscience of the jury.

15

## COUNT THREE
## 42 U.S.C. § 1983
## DEFENDANTS EVANS AND GRAYER FAILED TO INTERVENE AND PREVENT THE DEATH OF JOSH MARSHALL BY DEFENDANT HARDESTY

61.

Plaintiffs reallege and incorporate the foregoing paragraphs as if they were restated herein.

62.

Defendants Evans and Grayer, who were both present at the scene, were both in a position to take reasonable steps to protect Josh from Defendant Hardesty and had a realistic opportunity to prevent harm from occurring to Josh. Despite being present, in a position to take reasonable steps to protect Josh, and having a realistic opportunity to prevent harm from occurring to Josh, Defendants Evans and Grayer failed to intervene and stop Defendant Hardesty from using excessive force on Josh.

63.

Defendants Evans and Grayer acted under color of law.

64.

Defendants Evans' and Grayer's failure to intervene and stop Defendant Hardesty's chokehold was a direct cause of Josh's death. Defendants Evans and Grayer are liable for (a) Josh's pain, suffering, and mental anguish immediately prior to his death, and (b) the full value of Josh's life.

## COUNT FOUR
## 42 U.S.C. § 1983
## DEFENDANTS HARDESTY, EVANS, AND GRAYER FAILED TO RENDER AID TO JOSH MARSHALL IN THE FORM OF LIFE SAVING EMERGENCY MEDICAL TREATMENT

65.

Plaintiffs reallege and incorporate the foregoing paragraphs as if they were restated herein.

66.

Defendants Hardesty, Evans, and Grayer knew that Josh had a serious medical need, that need being the immediate need for life-saving medical treatment after Defendant Hardesty performed a lengthy and lethal chokehold on Josh.

67.

Defendants Hardesty, Evans, and Grayer failed to provide immediate life-saving medical treatment to Josh after Defendant Hardesty performed a lengthy and lethal chokehold on Josh, and such failure constitutes deliberate indifference to the life of Josh Marshall.

68.

The conduct of Defendants Hardesty, Evans, and Grayer caused Josh Marshall's death.

69.

Defendants Hardesty, Evans, and Grayer acted under color of law.

17

70.

Given their deliberate indifference to Josh's life, Defendants Hardesty, Evans, and Grayer are liable for (a) Josh's pain, suffering, and mental anguish immediately prior to his death, and (b) the full value of Josh's life.

**COUNT FIVE**
**42 U.S.C. § 1983**
**DEFENDANT SHERIFF FREEMAN AND DEFENDANT MONROE COUNTY FAILED**
**TO PROVIDE PROPER TRAINING AND EDUCATION FOR THEIR DEPUTIES AND**
**DETENTION OFFICERS, AS WELL AS FAILED TO ENFORCE THE STATED**
**POLICIES AND PROCEDURES OF THE MONROE COUNTY SHERIFF'S OFFICE**

71.

Plaintiffs reallege and incorporate the foregoing paragraphs as if they were restated herein.

72.

Defendant Sheriff Freeman and Defendant Monroe County were and are responsible for, and are the final policymakers for, the supervision, administration, policies, practices, customs, and operations of the Monroe County Detention Center at all times relevant to this Complaint.

73.

The violation of Josh Marshall's rights, both those guaranteed by the Constitution of the United States of America and those guaranteed by the Constitution of the State of Georgia, by Defendants, acting under color of the laws the State of Georgia, caused Josh Marshall to be subjected to assault, battery and physical and mental abuse and ultimately caused the death of Josh Marshall in violation of Art. I, Section 1, Paragraphs I and XVII of the Constitution of the State of Georgia, and the Eighth and Fourteenth Amendments to the United States Constitution, as enforced through 42 U.S.C. § 1983, by Defendant

18

Sheriff Freeman and Defendant Monroe County by failing to provide adequate and appropriate training and education for the deputies and personnel of the Monroe County Detention Center regarding the handling, treatment, and medical needs of mentally ill inmates such as Josh and the unauthorized use of chokeholds; allowing its deputies and personnel to violate Monroe County Sheriff's Office's policies and procedures regarding the handling and treatment of mentally ill inmates and use of excessive force; failing to enforce policies and failing to properly discipline deputies and personnel, thus creating a culture in Monroe County Sheriff's Office wherein violating citizens' rights has been tolerated.

74.

Defendant Sheriff Freeman and Defendant Monroe County are liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), for violating Josh Marshall's constitutional rights because its policies, customs, and practices directly caused and were the "moving force" behind Josh's death.

**COUNT SIX**
**ASSAULT AND BATTERY**

75.

Plaintiffs reallege and incorporate the foregoing paragraphs as if they were restated herein.

76.

Defendant Hardesty's conduct in placing Josh in an authorized, illegal, and lengthy chokehold constitutes the intentional tort of assault and battery pursuant to Georgia law.

77.

This intentional assault and battery done with malicious intent caused Josh Marshall's death and immense pre-death pain and suffering, for which Plaintiffs are entitled to be fully and reasonably compensated for the harm done to him by these Defendants.

## COUNT SEVEN
## PUNITIVE DAMAGES

78.

Plaintiffs reallege and incorporate the foregoing paragraphs as if they were restated herein.

79.

The conduct of the individual Defendants constitutes willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the entire presumption of conscious indifference to consequences. Therefore, punitive damages should be assessed against these Defendants in order to penalize, punish, or deter them.

## E.  DAMAGES

As a direct and proximate result of the aforementioned acts, omissions, and negligence of the Defendants, Josh Marshall died a premature death at the age of 40 and experienced conscious pain and suffering before his death, including both physical and mental suffering, and his estate incurred funeral and other necessary expenses, for which Plaintiffs are entitled to recover the full value of Josh's life, both economic and noneconomic, compensatory damages for the aforementioned losses and injuries, and punitive damages, to the extent such damages may be awarded, in an amount to be proven at trial and determined by a fair and impartial jury.

## F.  <u>PRAYERS FOR RELIEF</u>

**WHEREFORE**, Plaintiffs pray as follows:

a)      That process and summons be issued to Defendants as required by law;

b)      That this Complaint be served on all Defendants;

c)      That Plaintiffs have a trial by twelve fair and impartial jurors;

d)      That judgment be entered against Defendants for the full value of Josh Marshall's life;

e)      That judgment be entered against Defendants for Josh Marshall's medical, funeral, and other necessary expenses;

f)      That judgment be entered against Defendants for Josh Marshall's pain, suffering, and mental anguish immediately prior to his death;

g)      That Plaintiffs recover all damages available under Georgia and federal law;

h)      That Plaintiffs be awarded punitive damages against the individual Defendants pursuant to O.C.G.A. § 51-12-5.1;

i)      That Plaintiffs recover all interest permitted under Georgia law;

j)      That Plaintiffs recover reasonable attorney's fees and expenses of litigation; and

k)      That Plaintiffs be granted such other and further relief as this Court may deem just and proper.

This 27th day of June, 2022.

/S/ D. JAMES JORDAN
D. James Jordan
Georgia Bar No. 404465
Virgil L. Adams
Georgia Bar No. 004625
Hannah E. Heltzel

Georgia Bar No. 173525
Denzel L. Batore
Georgia Bar No. 511142

**ADAMS, JORDAN & HERRINGTON, PC**
**Whittle Building, Suite 101**
**915 Hill Park**
**Post Office Box 928**
**Macon, Georgia 31202-0928**
**(478) 743-2159 (telephone)**
**(478) 743-4938 (facsimile)**
jjordan@adamsjordan.com
vadams@adamsjordan.com
hheltzel@adamsjordan.com
dbatore@adamsjordan.com

                                                  /S/ R. JEFFREY LASSETER
                                                  R. Jeffrey Lasseter
                                                  Georgia Bar No. 005970

**LASSETER LAW FIRM, LLC**
**2006 Karl Drive, Suite 100**
**Warner Robins, Georgia 31088**
**(478) 287-6969 (telephone)**
**(888) 933-9336 (facsimile)**
jeff@lasseterlawfirm.com

                                                  Attorneys for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the undersigned has this day filed the foregoing **PLAINTIFFS'**

**AMENDED COMPLAINT** using the CM/ECF document filing system, which will generate

a Notice of Electronic Filing ("NEF").

This is to further certify that the undersigned has also caused to be served the

foregoing **PLAINTIFFS' AMENDED COMPLAINT** upon Defendants' counsel by placing

a copy thereof in an envelope with sufficient postage affixed thereto to ensure delivery by

U.S.P.S. First Class Mail, addressed as follows:

Ms. Frances L. Clay
Ms. L. Taylor Bittick
Chambless, Higdon, Richardson, Katz & Griggs LLP
P.O. Box 18086
Macon, Georgia 31210

*Attorneys for Defendants*

and via electronic mail to fclay@chrkglaw.com and tbittick@chrkglaw.com.

This 27th day of June, 2022.

/s/ Denzel Batore
Denzel L. Batore
Georgia Bar No. 511142

**ADAMS, JORDAN & HERRINGTON, PC**
**Whittle Building, Suite 101**
**915 Hill Park**
**Post Office Box 928**
**Macon, Georgia 31202-0928**
**(478) 743-2159 (telephone)**
**(478) 743-4938 (facsimile)**
dbatore@adamsjordan.com